# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LLOYD HOPKINS,**

    **Plaintiff,**

   v.                                                                Case No. 22-CV-971

**UNITED STATES OF AMERICA, et al.,**

    **Defendants.**

---

**LLOYD HOPKINS,**

    **Plaintiff,**

   v.                                                                  Case No. 22-CV-972

**UNITED STATES OF AMERICA, et al.,**

    **Defendants.**

---

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS AND SCREENING COMPLAINT[1]

Currently before me are three parties' motions to dismiss in two separate cases filed by Lloyd Hopkins. For the reasons further explained below, I recommend that both complaints be dismissed as frivolous, for failure to state a claim upon which relief may be granted, and/or for failure to prosecute.

---

[1] Because not all defendants have appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the parties' motions to dismiss and screening the complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

# BACKGROUND

Lloyd Hopkins filed three small claims actions in state court against various defendants. All three cases were subsequently removed to federal court. (*See* 22-CV-850; 22-CV-971; and 22-CV-972.) In Case No. 22-CV-850, Hopkins sued the United States Postal Service ("USPS") alleging that the USPS "stole $180.00" from him, apparently for a "one year subscription" for a post office box. (Docket # 1-2.) Both parties in Case No. 22-CV-850 consented to magistrate judge jurisdiction and I granted USPS' motion to dismiss the case on October 14, 2022 and dismissed Hopkins' complaint without prejudice. (Docket # 13.)

In Case No. 22-CV-971, Hopkins sues the United States of America; Racine County; the Federal Bureau of Investigation; Leib Knott Gaynor, LLC; Samuel Christensen; John Bundi, DO; Joel Carrol; and Eugene A. Gasiorkiewicz. (Docket # 1-2.) In this complaint, Hopkins alleges as follows:

> United States of America: I have over 50 maybe 70 claims All loses Racine County: I have 4 cases in your county All fraud. FBI: USPS told me, you closed my case, and moved it, but didn't notify USPS: Lost & Blamed the feds: LEIB KNOTT GayNOR; tried to kill me & his client: John Bundi DO; Is A Emergency Medicin Specialist that stole blood & gave no meds; Joel Carrol: can't find or can't cure a bladder infection without blood, Eugene Gasiorkiewicz: says you have 15 days to sue Bundi DO, statue says 3 to 6 yrs.

(Docket # 1-2 at 2.) In Case No. 22-CV-972, Hopkins sues the same defendants as in Case No. 22-CV-971, but adds the USPS. (Docket # 1-2.) Hopkins' only allegation in this complaint is: "TREASON!" (*Id.* at 2.) In both cases, while the United States, Leib Knott, Bundi, and Carrol have appeared, the remaining defendants have not. Again, in both cases, on September 2, 2022 and September 23, 2022, the United States, Carol, and Leib Knott moved to dismiss Hopkins' complaint. (Docket # 3 and Docket # 8.) On October 18, 2022, I issued an order to show cause as to why Hopkins failed to respond to either motion in both

cases and warned Hopkins that failure to timely respond within ten days of the order would result in a recommendation for dismissal of the complaints. (Docket # 9.) In the interim, on October 28, 2022, Bundi also moved to dismiss Hopkins' complaints. (Docket # 13.) As of today's date, Hopkins neither responded to the Order to Show Cause nor to Bundi's motions to dismiss.

## ANALYSIS

District courts have the authority to "screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778 (7th Cir. 1999); *see also* 28 U.S.C. § 1915(e)(2). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. The standard for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See De Walt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. A complaint should be dismissed if it fails to include sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Even viewing Hopkins' complaints in the most favorable light, at best, neither complaint states a claim against any of the defendants. At worst, Hopkins' complaints are frivolous or malicious. Again, Hopkins' complaint in Case No. 22-CV-972 simply alleges "TREASON!" against all defendants. There is no plausible way to interpret this complaint except to conclude that the action is frivolous. And while Hopkins' allegations in Case No.

22-CV-971 have more details, they are no less frivolous. For these reasons, I recommend that both complaints be dismissed without prejudice.

Furthermore, Hopkins failed to respond to both the Order to Show Cause and to defendant Bundi's motions to dismiss. Thus, as to defendants United States, Carol, Leib Knott, and Bundi, Hopkins' cases could alternatively be dismissed for failure to prosecute.

**NOW, THEREFORE, IT IS RECOMMENDED** that these two actions be **DISMISSED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 30th day of November, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge